UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID W. WILSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THERESA CISNEROUS, et al.,<br><br>　　　　Defendants. | Case No. 1:21-cv-01455-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS BE DENIED AND THAT PLAINTIFF BE REQUIRED TO PAY THE $402.00 FILING FEE IN FULL IF HE WANTS TO PROCEED WITH THIS ACTION<br><br>(ECF No. 6)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE (21) DAYS<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

**I.   BACKGROUND**

David Wilson ("Plaintiff") is a state prisoner proceeding *pro se* with this action. This action was commenced on September 22, 2021. On September 27, 2021, Plaintiff filed an application to proceed in forma pauperis. (ECF No. 6).

The Court finds that Plaintiff had at least three "strikes" prior to filing the action and that Plaintiff was not in imminent danger of serious physical injury at the time he filed the action. Therefore, the Court will recommend that Plaintiff's application to proceed in forma pauperis be denied and that Plaintiff be required to pay the filing fee of $402.00 for this action in full if he wants to proceed with this action.

\\\

1

**II.     THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)**

28 U.S.C. § 1915 governs proceedings *in forma pauperis*.  Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

In determining whether a case counts as a "strike," "the reviewing court looks to the dismissing court's action and the reasons underlying it….  This means that the procedural mechanism or Rule by which the dismissal is accomplished, while informative, is not dispositive."  Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (citation omitted).  See also O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008) ("no 'particular formalities are necessary for an order that serves as the basis of [an involuntary] dismissal.'") (quoting Yourish v. Cal. Amplifier, 191 F.3d 983, 986-87 (9th Cir. 1999)) (alteration in original).

**III.    ANALYSIS**

*i.  Strikes*

Plaintiff initiated this action on September 22, 2021.  (ECF No. 1).  The Court finds that, prior to this date, Plaintiff had at least three cases dismissed that count as "strikes."

The Court takes judicial notice of Wilson v. California State Prison Corcoran, E.D. CA, Case No. 1:18-cv-00424, ECF No. 10, in which District Judge Dale A. Drozd found that Plaintiff had at least three "strikes" prior to filing the action.  The action was filed on March 28, 2018.  Id. at ECF No. 1.  On appeal, the Ninth Circuit denied Plaintiff's motion to proceed in forma pauperis "because appellant has had three or more prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, and appellant has not alleged imminent danger of serious physical injury."  9th Cir., Case No. 19-15237, ECF No. 7, p. 1.

The Court also takes judicial notice of: 1) Wilson v. Tilton, E.D. CA, Case No. 2:06-cv-01031, ECF Nos. 5 & 8 (dismissed for failure to state a claim); 2) Wilson v. Schwartz, E.D.

2

CA, Case No. 2:05-cv-01649, ECF Nos. 24 & 26 (dismissed for failure to state a claim); 3) Wilson v. Dovey, E.D. CA, Case No. 2:06-cv-01032, ECF Nos. 11 & 13 (dismissed for failure to state a claim); and 4) Wilson v. Veal, E.D. CA, Case No. 2:06-cv-00067, ECF Nos. 9 & 11 (dismissed as frivolous and for failure to state a claim).

### ii. Imminent Danger

As Plaintiff had at least three "strikes" prior to filing this action, Plaintiff is precluded from proceeding *in forma pauperis* unless Plaintiff was, at the time the complaint was filed, in imminent danger of serious physical injury. The availability of the imminent danger exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." Blackman v. Mjening, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). To meet his burden under § 1915(g), Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). "[V]ague and utterly conclusory assertions" of imminent danger are insufficient. White v. Colorado, 157 F.3d 1226, 1231-32 (10th Cir. 1998). See also Martin, 319 F.3d at 1050 ("[C]onclusory assertions" are "insufficient to invoke the exception to § 1915(g)…."). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat … is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

Additionally, "the complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the 'imminent danger' exception of § 1915(g). In deciding whether such a nexus exists, we will consider (1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would redress that injury. The three-strikes litigant must meet both requirements in order to proceed [*in forma pauperis*]." Stine v. Fed. Bureau of Prisons, 2015 WL 5255377, at *3 (E.D. Cal. Sept. 9, 2015) (quoting Pettus v. Morgenthau, 554 F.3d 293,

298-99 (2d Cir. 2009)).

Because Plaintiff is *pro se*, in making the imminent danger determination the Court must liberally construe Plaintiff's allegations. Andrews, 493 F.3d at 1055 (9th Cir. 2007).

In his complaint, Plaintiff alleges that he is being subjected to overcrowding. Plaintiff appears to allege that this overcrowding is causing him to suffer from unconstitutional conditions of confinement such as excessive heat, contaminated drinking water, and black dust/mold/parasites. Plaintiff also alleges that the COVID-19 prevention measures are inadequate. Plaintiff also alleges that there is not enough room for walkers or wheelchairs to turn around and maneuver around the bunks.

The Court finds that Plaintiff fails to sufficiently allege that, at the time he filed this action, he was in imminent danger of serious physical injury.

First, the second to last thing Plaintiff complains of in his complaint is in regard to receiving the Director's Level Response to his grievance. This occurred on December 31, 2020. However, the complaint is dated September 16, 2021, which is approximately nine months later. The only more recent allegation Plaintiff includes is that, on August 23, 2021, Pod 8 quarantined eleven prisoners next to Plaintiff's Pod 9. And, Plaintiff does not explain, and it is not clear, how quarantining inmates in a separate pod presents a risk to Plaintiff. Thus, the allegations in the complaint do not show that Plaintiff was in imminent danger of serious physical injury at the time he filed his complaint.

Second, Plaintiff appears to be attempting to bring a class action for release (ECF No. 1, p. 4), and many of his allegations involve risks to inmates in general, not specifically to Plaintiff. Thus, these allegations cannot show that Plaintiff himself was in imminent danger of serious physical injury at the time he filed his complaint.

Finally, most of the conditions of confinement that Plaintiff complains of do not show that he was subjected to imminent danger at any time. Plaintiff alleges that he was subjected to black mold/dust/parasites, but he never explains how this puts him at risk of serious physical

injury.[1]  He also alleges that the drinking water is contaminated, but he never alleges what it is contaminated with[2] or how the contaminated water puts him at risk.  He also alleges that there is not enough room for wheelchairs or walkers to maneuver around bunks, but there are no allegations suggesting that this puts him at risk of serious physical injury.  Plaintiff also alleges that he has been subjected to extreme heat, and this has caused dizziness and tension headaches.  However, the fact that Plaintiff suffered from dizziness and tension headaches does not sufficiently show that he was in imminent danger of serious physical injury.

The closest Plaintiff comes to alleging imminent danger of serious physical injury is in regard to his allegations regarding COVID-19.  Plaintiff alleges that there is inadequate airflow and an inability to properly social distance in the bunk area.  However, it appears that sick individuals are being quarantined.  (ECF No. 1, p. 3).  Moreover, Plaintiff alleges that he already tested positive for COVID-19 (id. at 5), and there are no allegations suggesting that he is currently being denied medical care.  Thus, these allegations are insufficient to show that he was in imminent danger of serious physical injury at the time he filed his complaint.

As Plaintiff is a "three-striker" and was not in imminent danger when he filed this action, the Court will recommend that Plaintiff be required to pay the $402 filing fee in full if he wants to proceed with the action.

**IV.    CONCLUSION, RECOMMENDATIONS, AND ORDER**

The Court finds that Plaintiff may not proceed *in forma pauperis* in this action.

Accordingly, it is HEREBY RECOMMENDED that:

1. Pursuant to 28 U.S.C. § 1915(g), Plaintiff's application to proceed in forma pauperis (ECF No. 6) be DENIED; and

2. Plaintiff be directed to pay the $402.00 filing fee in full if he wants to proceed with this action.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within

---

[1] Plaintiff appears to allege that being exposed to these conditions causes a cough.  (ECF No. 1, p. 6).
[2] Plaintiff may allege that it is contaminated with "Recycled Water," but it is not clear what this means.

twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

    Additionally, IT IS ORDERED that the Clerk of Court is directed to assign a district judge to this case.

IT IS SO ORDERED.

| Dated: | **September 30, 2021** | /s/ Erica P. Grosjean |
|---|---|---|
| | | UNITED STATES MAGISTRATE JUDGE |