UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID W. WILSON,<br><br>           Plaintiff,<br><br>      v.<br><br>THERESA CISNEROUS, et al.,<br><br>           Defendants. | Case No. 1:21-cv-01455-AWI-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF BE DENIED<br><br>(ECF No. 5)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

David Wilson ("Plaintiff") is a state prisoner proceeding *pro se* with this action. On September 22, 2021, Plaintiff filed a motion for injunctive relief, asking that he and other prisoners be immediately release from prison. (ECF No. 5).

For the reasons described below, the Court will recommend that Plaintiff's motion for injunctive relief be denied.

**I.     LEGAL STANDARDS**

Requests for prospective relief are limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act ("PLRA"), which requires that the Court find that the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right." As to requests for a release order, the PLRA provides:

1

**(3) Prisoner release order.--(A)** In any civil action with respect to prison conditions, no court shall enter a prisoner release order unless--

> **(i)** a court has previously entered an order for less intrusive relief that has failed to remedy the deprivation of the Federal right sought to be remedied through the prisoner release order; and
>
> **(ii)** the defendant has had a reasonable amount of time to comply with the previous court orders.

**(B)** In any civil action in Federal court with respect to prison conditions, a prisoner release order shall be entered only by a three-judge court in accordance with section 2284 of title 28, if the requirements of subparagraph (E) have been met.

**(C)** A party seeking a prisoner release order in Federal court shall file with any request for such relief, a request for a three-judge court and materials sufficient to demonstrate that the requirements of subparagraph (A) have been met.

**(D)** If the requirements under subparagraph (A) have been met, a Federal judge before whom a civil action with respect to prison conditions is pending who believes that a prison release order should be considered may sua sponte request the convening of a three-judge court to determine whether a prisoner release order should be entered.

**(E)** The three-judge court shall enter a prisoner release order only if the court finds by clear and convincing evidence that--

> **(i)** crowding is the primary cause of the violation of a Federal right; and
>
> **(ii)** no other relief will remedy the violation of the Federal right.

**(F)** Any State or local official including a legislator or unit of government whose jurisdiction or function includes the appropriation of funds for the construction, operation, or maintenance of prison facilities, or the prosecution or custody of persons who may be released from, or not admitted to, a prison as a result of a prisoner release order shall have standing to oppose the imposition or continuation in effect of such relief and to seek termination of such relief, and shall have the right to intervene in any proceeding relating to such relief.

18 U.S.C. § 3626(a)(3).

## II. ANALYSIS

Plaintiff alleges that he is being subjected to overcrowding. Plaintiff appears to allege that this overcrowding is causing him to suffer from unconstitutional conditions of confinement, such as black mold and excessive heat. Also, inmates are unable to properly social distance, which increases their risk of catching COVID-19. Moreover, the California Department of Corrections and Rehabilitation does not keep facilities clean or issue personal protective equipment to stop the

spread of COVID-19.

It appears that Plaintiff is seeking a prisoner release order.  However, Plaintiff has not submitted materials showing that a court previously entered an order for less intrusive relief that failed to remedy the deprivation of the federal rights sought to be remedied through his requested release order.  Accordingly, the Court finds that Plaintiff is not entitled to a release order.

As to Plaintiff's request that other inmates be released, the Court will recommend that the request be denied because Plaintiff cannot bring claims on behalf of his fellow prisoners in this action.  In the context of *pro se* litigants, "courts have routinely adhered to the general rule prohibiting *pro se* plaintiffs from pursuing claims on behalf of others in a representative capacity."  Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008); see also Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing in propria persona has no authority to represent anyone other than himself.").  The exception to this general rule is "when statutory authorization exists permitting plaintiff to prosecute an action on behalf of others than himself."  Simon, 546 F.3d at 664 n.6.  Here, Plaintiff is proceeding *pro se* and has not cited to any statutory authority permitting him to pursue this action on behalf of others.  Additionally, the Court is aware of no such authority.  Accordingly, Plaintiff cannot bring claims on behalf of his fellow prisoners in this action.

### III.   RECOMMENDATIONS

Accordingly, based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for injunctive relief (ECF No. 5) be DENIED.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen (14) days after service of the objections.

\\\

\\\

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 4, 2021**                    /s/ *Erica P. Grosjean*
                                                         UNITED STATES MAGISTRATE JUDGE