# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DAVID W. WILSON,**<br><br>    Plaintiff,<br><br>    v.<br><br>**THERESA CISNEROUS, et al.,**<br><br>    Defendants. | Case No. 1:21-cv-01455-AWI-EPG (PC)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION AND DISMISSING ACTION FOR FAILURE TO PAY FILING FEE**<br><br>(ECF Nos. 17 & 18) |

Plaintiff David W. Wilson is a state prisoner proceeding pro se with this action.

On November 3, 2021, the Court issued an order denying Plaintiff's application to proceed in forma pauperis and ordering Plaintiff to pay the $402.00 filing fee in full within thirty days.  (ECF No. 17, p. 2).  The Court warned Plaintiff that if he "fails to pay the filing fee in full within thirty days, this action will be dismissed without prejudice and without further notice."  (Id.).

Instead of paying the filing fee, Plaintiff filed a motion for reconsideration.  (ECF No. 18).  Plaintiff states that this Court's order should be reconsidered in light of new evidence.

Under Federal Rule of Civil Procedure 60(b),

> [o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  As to Rule 60(b)(6), that rule is be used sparingly and requires a demonstration of "both injury and circumstances beyond [Plaintiff's] control that prevented him from proceeding with the action in a proper fashion." Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (citation and internal quotation marks omitted).

Plaintiff has failed to set forth facts or law that shows that he meets any of the above-mentioned reasons for granting reconsideration.  Plaintiff's motion is based on "new evidence," including a November 15, 2021 report indicating that the prison population is at 115.8 percent (which is up from 114.7 percent from the previous filing) and a weekly report indicating that as of November 17, 2021, Plaintiff's institution of confinement was at 146.1% of capacity.  However, Plaintiff does not explain how these reports, neither of which lists the prison population as of the date Plaintiff filed his complaint, or any other "new evidence," tend to show that Plaintiff himself was in imminent danger at the time he filed this action.

Therefore, the Court will deny Plaintiff's motion for reconsideration.  Further, because Plaintiff failed to timely pay the $402 filing fee, and as there is no indication in Plaintiff's motion for reconsideration that he intends to pay the filing fee, the Court will also dismiss this action.  This dismissal is without prejudice to Plaintiff re-filing this action along with the full filing fee.

Accordingly, IT IS ORDERED that:

1. Plaintiff's motion for reconsideration is DENIED;
2. This action is DISMISSED without prejudice; and
3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   December 8, 2021

SENIOR  DISTRICT  JUDGE